UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| ANGELICA GUTIERREZ GOMEZ,<br><br>   Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>   Defendant. | Case No. CV 14-2556 (SH)<br><br>MEMORANDUM DECISION<br>AND ORDER |

  This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's applications for Disability Insurance Benefits and for Supplemental Security Income. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings (Plaintiff's Brief in Support of Complaint ["Plaintiff's Brief"];

Defendant's Brief in Support of Defendant's Answer ["Defendant's Brief"]; Plaintiff's Reply Brief), and the defendant has filed the certified transcript of record. After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded.

On April 20, 2011, plaintiff Angelica Gutierrez Gomez filed applications for a period of disability or Disability Insurance Benefits and for Supplemental Security Income, both alleging an inability to work since January 27, 2009. (See Administrative Record ["AR"] 163-71). On September 27, 2012 (following a hearing on September 5, 2012, see AR 44-75), an Administrative Law Judge ("ALJ") determined that plaintiff had severe impairments -- diabetes, hypertension, and depression -- but found that plaintiff was not disabled within the meaning of the Social Security Act. (See AR 21-38).

Following the Appeals Council's denial of plaintiff's request for a review of the hearing decision (see AR 1-4), plaintiff filed this action in this Court.

Plaintiff makes five challenges to the ALJ's Decision. Plaintiff alleges the ALJ erred in (1) failing to determine that plaintiff's other mental impairments were severe, (2) failing to properly assess plaintiff's mental residual functional capacity; and (3) failing to properly assess plaintiff's credibility.

For the reasons discussed below, the Court concludes that plaintiff's first claim of error has merit. Since the Court is remanding the matter based on plaintiff's first claim of error, the Court will not address plaintiff's second and third claims of error.

I. **DISCUSSION**

Plaintiff asserts that the ALJ failed to consider all of plaintiff's severe impairments, specifically chest pains with cardiac symptoms and a mental impairment (AR 474-75). Defendant argues that, because the ALJ found one mental impairment (depression) severe, the ALJ necessarily considered the functional effect of all of plaintiff's

impairments, severe and non-severe.  Defendant further argues that any error by the ALJ in not finding plaintiff's other mental impairments severe was harmless.

"An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical and mental ability to do work activities." 20 C.F.R. § 404.1521(a).  "[T]he ALJ must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone was sufficiently severe." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996).An impairment or combination of impairments is not severe "if the evidence establishes a slight abnormality that has 'no more than a minimal effect on a individual's ability to work.'" Id.; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988).

In the Decision, the ALJ discussed medical records in which plaintiff's mental impairments other than depression -- specifically anxiety, panic attacks, psychosis, and agoraphobia -- were mentioned (see AR 24, citing AR 399-400 [Mission City Community Network, Inc., Psychiatry Initial Evaluation Note, dated August 20, 2010, containing diagnosis of adjustment reaction with anxious mood]; AR 26, citing AR [Serra Community Medical Community, Inc., Adult Progress Note, dated April 28, 2011, containing diagnosis of anxiety]; AR 26, citing AR 412 [Mission City Community Network, Inc., Psychiatry Progress Note, dated June 20, 2011, noting plaintiff's complaint of anxiety and containing diagnosis of adjustment reaction with anxiety]; AR 27, citing AR 458 [Mission City Community Network, Inc., Psychiatry Progress Note, dated August 16, 2011, containing diagnosis of anxious mood]; AR 27, citing AR 456 [Mission City Community Network, Inc, Psychiatry Progress Note, dated September 12, 2011, containing diagnosis of anxiety]; AR 27, citing AR 476 [Mission City Community Network, Inc., Psychiatry Progress Note, dated October 10, 2011, noting plaintiff's statement that Clonazepam helped her anxiety more than Xanax, and containing diagnosis of anxiety]; AR 27, citing AR 474 [Mission City Community Network, Inc., Psychiatry Progress Note, dated December 23, 2011, noting plaintiff's complaint of panic

attacks]; AR 27, citing AR 473 [Mission City Community Network, Inc., Psychiatry Progress Note, dated February 17, 2012, noting plaintiff's complaints of anxiety and panic attacks]; AR 27, citing AR 472 [Mission City Community Network, Inc., Psychiatry Progress Note, dated March 15, 2012, noting a lessening of psychosis]; AR 27, citing AR 471 [Mission City Community Network, Inc., Psychiatry Progress Note, dated April 13, 2012, noting plaintiff's complaints of panic attacks and agoraphobia]; AR 27, citing AR 468 [Mission City Community Network, Inc., Psychiatry Progress Note, dated July 3, 2012, noting plaintiff's complaints of panic attacks].

The medical records reflect that plaintiff was diagnosed at various times with anxiety (see AR 382, 400, 412, 414, 456, 458, 461, 463, 475), panic attacks (see AR 465-66, 468-74, 488), agoraphobia (see AR 465, 468-75), and bipolar affective disorder (see AR 481, 485-86) and psychosis (see AR 466, 468-74, 481, 485-86, 488). However, as plaintiff asserts, there is no indication that the ALJ considered whether these impairments were severe or non-severe, either individually or in combination.

Thus, the Court finds that the ALJ erred in failing to consider whether plaintiff's mental impairments, as identified above, were severe, individually and/or in combination. Although defendant conclusorily asserts that the ALJ's error was harmless, the Court at this point has no basis for making that determination.

///
///
///
///
///
///

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with the decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

DATED: <u>December 9, 2014</u>

                                                  /s/ Stephen J. Hillman
                                               STEPHEN J. HILLMAN
                                              UNITED STATES MAGISTRATE JUDGE